## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUAN PABLO GONZALEZ-GONZALEZ,     )
                                  )
            Petitioner,           )
                                  )
                                  )
v.                                )          Case No. 04-10067-01-WEB
                                  )                   05-3148-WEB
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )


## MEMORANDUM AND ORDER

Now before the Court is the timely motion of petitioner Juan Pablo Gonzalez-Gonzalez, to vacate,

set aside or correct his sentence under the provisions of 28 U.S.C. § 2255.  In response, the Government

filed a motion to enforce the plea agreement.  Petitioner filed no traverse in reply.


## I.  BACKGROUND

A review of the record reflects that petitioner pled guilty on May 17, 2004 to Count 1 of the

indictment, which charges a violation of 8 U.S.C. § 1326(a) and (b)(2), re-entry after deportation following

a conviction for an aggravated felony.  (Doc. 5).  In the plea agreement, petitioner agreed that the evidence

would show as follows:

> On August 14, 1996, the defendant, a citizen of Mexico who is not a citizen or national of the
> United States, was convicted of the felony offense of aggravated assault in Harris County, Texas.
> Then, on August 15, 2000, the defendant was lawfully deported from the United States at Laredo,
> Texas.  Finally, on March 7, 2004, the defendant was found in the United States at Wichita,

Sedgwick County, Kansas, having not obtained permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United Sates or to be in the United States.

(Doc. 16 at 2).

At sentencing, the Court determined that the base offense level was eight for violation of 8 U.S.C. § 1326(a).  U.S.S.G. § 2L1.2(a).  Additionally, the Court determined that petitioner's offense level should be increased sixteen levels because he had been previously deported subsequent to a conviction for a crime of violence.  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Petitioner's sentence was reduced three levels because he entered a timely plea and accepted responsibility; consequently, Petitioner's total adjusted offense level was 21.  U.S.S.G.  § 3E1.1(a)(b).  On July 30, 2004 judgment was entered and the court sentenced petitioner to 41 months imprisonment at the low end of the applicable guideline range.

On March 28, 2005, petitioner brought this action under 28 U.S.C. § 2255 requesting the Court correct his sentence due to unconstitutional violations of his right to effective assistance of counsel and his rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) , *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Shepard*, 125 S. Ct. 1254 (2004).

<u>I.  STANDARD</u>

The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellate rights in the plea agreement.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  To hear such an appeal on the merits this Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a

miscarriage of justice as we define herein". *Id.*

## II.  ANALYSIS

a.  Scope

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the

waiver is expressly stated in the plea agreement..." *United States v. Cockerham*, 237 F.3d 1179, 1183

(10th Cir. 2001).  The Court "will construe appeal waivers and any ambiguities in these agreements will

be read against the Government and in favor of a defendant's appellate rights."  *Hahn*, 359 F.3d at 1325

(quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)).

Section seven on pages four and five of the plea agreement has the title "Waiver of Appeal and

Collateral Attack".  (Doc. 16).  The section states the following:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter
> in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18,
> U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By
> entering into this agreement, the defendant knowingly waives any right to appeal a sentence
> imposed which is within the guideline range determined appropriate by the court.  The defendant
> also waives any right to challenge a sentence or manner in which it was determined in any collateral
> attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as
> limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion
> brought under Title 18, U.S.C. § 3582(c)(2).  In other words the defendant waives the right to
> appeal the sentence imposed in this case except to the extent, if any, the court departs upwards
> from the applicable sentencing guideline range determined by the court.  However if the United
> States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. §
> 3742(b), the defendant is released from this waiver and may appeal the sentence received as
> authorized by Title 18, U.S.C. § 3742(a).

(Id. at 4-5).

The plea agreement specifically includes a statement waiving the right to attack the sentence through

collateral review on a § 2255 motion with three exceptions.  The waiver allows for an appeal to the extent that the court departs upwards from the applicable sentencing guideline range determined by the court, on a § 3582 motion, and as allowed by *Cockerham.  United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).  In *Cockerham*, the court held "that a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187.

Petitioner claims that the Court violated his rights under *Booker*, *Blakely,* and *Shepard* by unconstitutionally applying a sentencing enhancement of 16 levels based on his prior conviction for a crime of violence without submitting this issue to a jury.  As the above excerpt from the plea agreement states, Petitioner preserved the ability to appeal only three issues.  Petitioner's claim regarding the sentencing enhancement is not related to an upward departure; rather, it challenges the manner in which the applicable sentencing range under the guidelines was determined.[1]  *See U.S. v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005) (*Booker* claim came within the ambit of the appellate waiver as it did not relate to issues regarding the application of the sentencing guidelines).  Moreover, this claim obviously does not meet the second or third exceptions to the waiver because it is not a § 3582 motion nor is it an ineffective assistance of counsel claim.  Therefore, this claim falls within the scope of the waiver.

Petitioner makes three ineffective assistance of counsel claims.  Petitioner's ineffective assistance claims do not specifically attack the validity of the plea or waiver; however, the Court will liberally construe

---

[1] The Court notes that Petitioner's sentence of 41 months was at the low end of the guideline range.  Petitioner's total offense level was 21 and the criminal history category was II, which has a guideline range of 41-51 months.

-4-

the ineffective assistance claims in his *pro se* petition to do so. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the ineffective assistance claims do potentially fall outside the appellate waiver.

b. Knowing and Voluntariness of Petitioner's Waiver

This Court will only enforce plea agreements that defendants enter into knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001). Petitioner bears the burden to show that he did not make the plea agreement knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Edgar*, 348 F.3d 867, 872-873 (10th Cir. 2003). Petitioner does not dispute the voluntariness of the waiver. The plea agreement, petition to plea guilty, and the Rule 11 plea colloquy covered the consequences of the plea and when asked if the plea was made knowing and voluntarily, Petitioner responded affirmatively. (Doc. 16, 17); see *Hahn*, 359 F.3d at 1325 (when determining whether a waiver of appellate rights was knowing and voluntary, the Court examines both the language of the plea agreement and an adequate Federal Rule of Criminal Procedure 11 colloquy). The Court holds that Petitioner entered into the waiver knowing and voluntarily.

c. Miscarriage of Justice

An enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."

*Hahn*, 359 F.3d at 1327.  The petitioner has the burden to show that enforcement of the waiver in the plea agreement would result in a miscarriage of justice.  *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner fails to show that his appeal meets any of these four factors.  There is no evidence to show that this Court relied on any impermissible factor such as race.  Petitioner's sentence of 41 months is well below the 20 year statutory maximum.  See 8 U.S.C. §1326(b)(2).  The fourth factor is satisfied when the waiver contains an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Anderson,* 374 F.3d at 959*; see United States v. Olano*, 507 U.S. 725, 732 (1993).  Petitioner does not argue that the waiver is unlawful or contains an error.

Petitioner does argue that his counsel was ineffective and the Court will construe these claims liberally as challenging the validity of the appellate waiver.  Petitioner claims that his counsel was ineffective because: 1) he was not advised of his right to file an appeal; 2) he was not advised of his right to a jury trial; and 3) he was not advised that the Government would seek a 16 level sentence enhancement.

The right to effective assistance of counsel is defined as a two part test in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 687-688.  Second, Petitioner must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner claims that his attorney failed to advise him that he had a right to a jury trial and a right to appeal.  Petitioner stated differently in the plea agreement and the petition to plea guilty.  (Doc. 16, 17).

Petitioner signed a petition to plea guilty on the same day he pleaded guilty. (Doc. 17). The following paragraphs appear in this document:

(7) ...If I plead "NOT GUILTY" I know the Constitution guarantees me (a) the right to a speedy and public trial by a jury...
...
(8) I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury; and further, I realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.
...
(19) I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.
...
(23) I offer my plea of "GUILTY" freely and voluntarily...
...
(25) I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

(Id. at 2, 5, 6).

The signed plea agreement further states:

1.   Defendant's Guilty Plea....By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence that may be imposed is 20 years in prison...
...
4.   Sentence to be Determined by the Court. The defendant understands that the sentence to be imposed will be determined solely by the United States District judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.
...
7.   Waiver of Appeal and Collateral Attack. [see text as stated earlier in this opinion]
...
11.   No Other Agreements. The defendant has had sufficient time to discuss this case, the evidence and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel...The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and

-7-

is doing so freely and voluntarily.

(Doc. 16).

The Rule 11 colloquy also shows that the Court pointed out that after a guilty plea, defendant will have bargained away his rights to appeal and to have a jury trial. Petitioner acknowledged this fact, as well as stating that he was satisfied with his counsel and that he was entering his plea freely and voluntarily.

Petitioner cannot credibly argue now that his counsel failed to advise him of his trial and appellate rights when he so clearly swore in court to the contrary. (Doc. 16, 17).

> Representations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Lasiter v. Thomas*, 89 F.3d 699. 702 (10th Cir. 1996).

Therefore, Petitioner fails to show that his counsel fell below an objective standard of reasonableness. Moreover, Petitioner cannot satisfy the second *Strickland* prong. Even if counsel had failed to inform Petitioner of these rights, Petitioner cannot claim that the results would have been different. Petitioner stated that he knew his rights to trial and appeal would be adversely impacted by pleading guilty and he pleaded guilty anyway. (Doc. 16, 17). Petitioner fails to show he would have done differently had his counsel also told him of these rights.

Petitioner's third ineffective assistance claim is equally meritless. Petitioner argues that his counsel never advised him that the Court could impose a 16 level increase in his base level for his offense. Failing to inform a defendant about a potential increase in the offense level at sentencing is tantamount to an erroneous sentencing prediction. Petitioner's claim fails because erroneous sentence predictions do not

constitute deficient performance under *Strickland*. *See United States v. Estrada,* 849 F.2d 1304, 1307 (10th Cir. 1988) (not ineffective assistance when counsel told defendant he would get a light sentence and defendant received 12 years imprisonment); *see also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (an erroneous sentence estimate does not render a plea involuntary).

Petitioner has failed to show that enforcement of this waiver will result in a miscarriage of justice; therefore, the waiver of collateral appeal is lawful.

### III. *Blakely, Booker* and *Shepard* claim

Even assuming *arguendo,* that the waiver of collateral rights was not enforceable, Petitioner would still have no valid claim. Petitioner claims that the Court illegally increased the offense level by 16 due to a prior conviction for a crime of violence. Petitioner does not dispute the Court's finding that his prior conviction in Texas for aggravated assault was a crime of violence; rather, he argues that this finding was unconstitutional because it was not determined by a jury. Petitioner claims that *Blakely*, *Booker*, and *Shepard* support this proposition. Petitioner is incorrect.

First, Petitioner's reliance on *Booker* is misguided because *Booker* is not retroactively applicable on collateral appeal. *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (*Booker* not available on collateral review).

Second, *Blakely* does not forbid the use of prior convictions. In *Booker*, the Supreme Court reaffirmed its holding in *Apprendi* and *Blakely* by stating that "[a]ny fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt."

*Booker,* 125 S. Ct. At 756; *see Blakely,* 124 S. Ct. at 2536.

Lastly, Petitioner's reliance on *Shepard* is misplaced.  While *Shepard* restricted the type of materials a Court can use when classifying a prior conviction, it does not stand for the principle that prior convictions must be proven to a jury before a judge can use them to increase the offense level.  *Shepard,* 125 S. Ct. at 1263.

There is no merit to Petitioner's grievance.  In a Tenth Circuit case, the court held that "[n]either the existence of prior convictions, nor their classification as "violent felonies," constitute facts that must be charged in an indictment and proven to a jury under a "beyond a reasonable doubt" standard."  *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005); *see also United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005) (a district court can make findings about a defendant's criminal history including facts regarding prior convictions and the nature of those convictions).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the government's motion to enforce the plea agreement (Doc. 25) be GRANTED;

IT IS FURTHER ORDERED that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 24) be DENIED.

SO ORDERED this 8th day of September, 2005.

-10-

_s/ Wesley E. Brown_____

Wesley E. Brown, Senior U.S. District Judge